HILL *versus* BODDIE.

1. Under the proviso to the 8th section of the act of 1823, on the subject of physicians, a parchment, purporting to be a diploma, is not evidence of itself, that the college issuing it is a " regularly constituted medical institution."

In error from Lauderdale Circuit Court.

Hill brought his action to recover of the defendant for medical services rendered. The plaintiff produced a parchment, purporting to be a diploma issued to him by the University of Maryland. The court below rejected the parchment as evidence, and this was assigned to this court as error.

*Ormond*, for Plaintiff--*P. Martin, contra.*

LIPSCOMB, C. J.—This cause comes up by a writ of error to reverse a judgment of the Circuit Court for the county of Lauderdale.

The plaintiff had brought his action to recover the value of medical services, rendered by him to the defendant, in 1826 and 1827. He had never been enrolled as a physician, by any of the medical boards in this state, until 1828, but attempted to bring himself within the second and third provisos of the 8th section of the act of December, 1823, Those provisos are in the words following: " provided that nothing contained in the foregoing act shall be so construed, as to prevent persons from practicing as doctors of medicine, who may have received a diploma from any regularly constituted medical institution within the United States. And provided further, that such person shall have been engaged in the practice of medicine within two years previous."

The plaintiff offered in evidence a piece of parchment, bearing date 7th April, 1822, purporting to be a diploma granted to him to practice medicine, by the University of Maryland, and offered to prove by medical men, that the same individual could not obtain from a medical college, but one diploma; and further offered to prove by the deposition of one witness, that he had been engaged in the practice of medicine in Virginia, in 1821. This testimony was rejected by the court as irrelevant and improper to prove the use, intention of the diploma, its identity, or the right of the plaintiff to recover under the statute.

The cause has been submitted without argument. If the testimony offered by the plaintiff does not bring him within the two provisos of the 8th section of the act of 1823, he was not entitled to recover for his services rendered as a physician.

It seems to the court that the evidence was properly rejected.

1st. Because the fact that the University of Maryland was a regularly constituted medical institution, could not be judicially known to the court, but was to be proved by the plaintiff in making out his right of action. If the plaintiff had proved that the University of Maryland had been in the habit of granting medical diplomas, it would have been *prima facie* evidence that it had been regularly constituted with such powers.

2d. The parchment purporting, to be a diploma, was not proof, *per se*, of its genuineness, but should be proved, *aliunde*.

If, however, both those points of proof had been made out and fully established, the right of action, would still have been imperfect: he still could not

8

have recovered, without bringing himself within the second proviso, by proving the fact of his having been engaged in the practice of medicine within the two years previous to the term when he performed the services in question.

The judgments of the Circuit Court is affirmed.